UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE LONDON,

      Plaintiff,

v.                                  Case No: 8:15-cv-1073-T-33JSS

MATTHEW ARAGON,

      Defendant.

_____/

## <u>ORDER ON PLAINTIFF'S MOTION TO STRIKE</u>

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Motion to Compel and for Extension of the Discovery Deadline. (Dkt. 27.) In the motion, Plaintiff seeks to strike Defendant's Motion to Compel and Motion for Extension of Discovery Deadline for Limited Purpose of Taking Plaintiff's Deposition Only.

## BACKGROUND

On January 6, 2016, Defendant filed a Motion to Compel and Motion for Extension of Discovery Deadline for Limited Purpose of Taking Plaintiff's Deposition Only. (Dkt. 23.) In the motion, Defendant stated that Plaintiff had not made himself available to be deposed within the discovery period and, therefore, Defendant requested an extension of the discovery deadline for the limited purpose of taking Plaintiff's deposition. The motion also indicated that Defendant was unable to contact Plaintiff to confirm whether Plaintiff opposed the relief requested in the motion but that Defendant would supplement the motion upon contacting Plaintiff. A day later, Defendant amended his motion to include a statement that Plaintiff did not oppose the relief requested in Defendant's motion pursuant to Local Rule 3.01(g). (Dkt. 24.)

On January 8, 2016, the Court granted Defendant's motion and extended the discovery deadline for thirty days to allow Defendant to conduct Plaintiff's deposition.  (Dkt. 25.)  Shortly thereafter, Plaintiff filed the instant Motion to Strike, contending that Plaintiff had agreed to the extension because he was under the impression that it would allow him to conduct Defendant's deposition as well.  (Dkt. 27.)  As such, Plaintiff requests that the Court permit him to conduct Defendant's deposition.

## ANALYSIS

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, striking a pleading is a drastic remedy that is generally disfavored by courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing *Augustus v. Bd. of Public Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).  As such, motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

Courts hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and therefore construe pro se pleadings more liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Although Plaintiff's motion is titled as a motion to strike, the substance of Plaintiff's prayer for relief requests an extension of the discovery deadline, which has since lapsed, to depose Defendant.  As such, the Court declines to strike Defendant's Motion to Compel and for Extension of the Discovery Deadline and considers instead Plaintiff's request to extend the discovery deadline.  *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize

the motion in order to place it within a different legal category."). The record reflects that the discovery deadline in this case expired on January 8, 2016, and according to the pleadings, it does not appear that depositions of the parties have yet taken place. Under the circumstances, neither party will be prejudiced by a short extension of time for the limited purpose of deposing the named parties in this matter.

The Court notes, however, that although pro se pleadings are afforded liberal construction, Plaintiff is nonetheless required to follow the procedural rules, including the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that "[the Court has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (stating that pro se litigants must conform to procedural rules). As it pertains to depositions, the procedural rules require that a party give at least fourteen days' notice in writing to every party and to the deponent, and Plaintiff must make himself available for his deposition and attend the deposition as noticed. Fed. R. Civ. P. 30(a)(1), (g); M.D. Fla. Local R. 3.02. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Strike is **DENIED** as moot.

2. The discovery deadline is extended until February 29, 2016, for the limited purpose of allowing the depositions of Plaintiff and Defendant.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party